UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BROWN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:06-CV-1232 (CEJ) |
| ) | |
| G&S MASONRY & SONS, INC., a ) | |
| Missouri corporation, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel an accounting, following an entry of default against defendant G&S Masonry & Sons, Inc.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are six employee benefit plans (the Pension, Supplemental Pension, International Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local 1 Bricklayers' Union, and the Masonry Institute of St. Louis. They seek an order compelling defendant G&S Masonry & Sons, Inc., to submit to an audit for the period of November 1, 2004, to the present.

According to the affidavit of Gary Juenger, an accountant for the plans, defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement entered into on May 21, 2004. Defendant G&S Masonry &

Sons, Inc., was served with the summons and complaint on August 17, 2006, and has not filed an answer or otherwise appeared in this matter. The Clerk of Court has entered default against defendant G&S Masonry & Sons, Inc.

Plaintiffs move for an order compelling an accounting pursuant to Rule 55(b)(2), Fed.R.Civ.P., in order to determine the amount of damages. Plaintiffs have established that defendant G&S Masonry & Sons, Inc., is bound by a collective bargaining agreement with the Bricklayers Local No. 1. The agreement requires signatories to submit contributions to the Laborers Funds and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made. The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Plaintiffs' motion seeks an order compelling defendant to submit to an audit for the period of November 1, 2004, through the present. Plaintiffs' complaint alleges that contributions have not been made for the period beginning May 2006. Defendant's default is an admission only of the allegations contained in the complaint and the relief will be similarly limited.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default order to compel an accounting [#5] is **granted in part**.

**IT IS FURTHER ORDERED** that defendant G&S Masonry & Sons, Inc., shall, not later than **December 22, 2006**, produce for inspection by plaintiffs all books, ledgers, payroll records and other documents

reflecting or pertaining to all hours worked by and wages paid to employees of G&S Masonry & Sons, Inc., since May 2006.

```
                          _____
                          CAROL E. JACKSON
                          UNITED STATES DISTRICT JUDGE
```

Dated this 17th day of November, 2006.