UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BROWN, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) No. 4:06-CV-1232 (CEJ) |
| G&S MASONRY & SONS, INC., a Missouri corporation, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendants G&S Masonry & Sons, Inc., (G&S) Gabrielle Gleeson and Shane Gleeson, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are six employee benefit plans (the Pension, Supplemental Pension, International Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local 1 Bricklayers' Union, and the Masonry Institute of St. Louis. Defendant G&S is a party to a collective bargaining agreement with the union; Gabrielle Gleeson and Shane Gleeson are the president and vice-president of G&S, respectively. Plaintiffs contend that defendants failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. They seek

$9,425.26 in delinquent contributions and $1,290.67 in liquidated damages. Plaintiffs additionally seek $861.50 in attorney's fees and $728.95 in court costs.

The summons and a copy of the complaint were served on defendant G&S on August 17, 2006. Defendant did not file an answer or other responsive pleading and, on November 15, 2006, the Clerk of Court entered default against defendant G&S. On November 17, 2006, the Court ordered defendant G&S to produce financial records for plaintiffs' inspection. On January 16, 2007, plaintiffs filed an amended complaint naming as G&S officers Gabrielle Gleeson and Shane Gleeson as additional defendants with joint and several liability with G&S for contributions owed through May 2006. The amended complaint was served on defendants on January 27, 2007. Again, no answer or responsive pleading was filed and, on may 18, 2007, the Clerk of Court entered default against the Gleesons.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On May 21, 2004, G&S and the Union entered into a collective bargaining agreement which remained in effect until May 31, 2006. (Art. XII, § 11). The 2004 agreement was binding upon the officers, directors and shareholders, making them individually

liable, jointly and severally, for the payment of wages, dues, contributions, and delinquency charges. (Art. XII, § 10). The Mason Contractors Association and the Local 1 Bricklayers entered into a new collective bargaining agreement effective beginning June 1, 2006. Plaintiffs submit evidence establishing that, as of September 2006, G&S Masonry was a member of the Mason Contractors Association.

The collective bargaining agreements obligate defendant G&S to make contributions to the Welfare fund (Art. V), the Pension plans (Art. VI), the Vacation fund (Art. VII), the Masonry Institute (Art. VIII), and the Apprentice program (Article IX). Employers make contributions by purchasing "fringe benefit stamps" for each covered employee. (Art. XI, § 4). The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorney's fees and costs incurred in recovering those damages. (Art. XI, § 6).

Plaintiffs submit the affidavits of Gary Juenger, the Plan Director for the Welfare and Pension funds. Mr. Juenger is responsible for enforcement of the fringe benefit obligations provided in the collective bargaining agreements. According to Mr. Juenger, defendant G&S submitted contribution reports for the months of May through September 2006 but did not pay the contributions reflected in those reports. Mr. Juenger states that G&S notified the funds that it has ceased operations. As a result, plaintiffs have concluded that an audit is not necessary.

Plaintiffs submit wage reports for May through September 2006, signed by Gabrielle Gleeson.[1] Based upon those wage reports, Mr. Juenger has calculated the delinquent contributions and liquidated damages. Mr. Juenger's calculations do not indicate the contribution rates for the different funds and the Court's calculations based upon the contribution rates set forth in the collective bargaining agreements do not agree with Mr. Juenger's. In addition, plaintiffs have not submitted evidence to establish that defendant G&S was bound by the agreement signed by the Mason Contractors Association during June, July, and August 2006. The Court will provide plaintiffs with an opportunity to submit additional evidence in support of their motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall have until **June 29, 2007**, to file supplemental materials (a) supporting their contribution calculations and (b) establishing that defendant G&S & Sons Masonry, Inc., was subject to a collective bargaining agreement between June and August 2006.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2007.

---

[1] Plaintiffs also submit a contribution report for April 2006, signed by Shane Gleeson. Because plaintiffs state that the contributions for April were paid, the Court cannot ascertain the significance of the April report to the present action.