```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

DONALD BROWN, et al.,              )
                                   )
            Plaintiffs,            )
                                   )
      vs.                          )     No. 4:06-CV-1232 (CEJ)
                                   )
G&S MASONRY & SONS, INC., a        )
Missouri corporation,              )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendants G&S Masonry & Sons, Inc. (G&S), Gabrielle Gleeson and Shane Gleeson, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are six employee benefit plans (the Pension, Supplemental Pension, International Pension, Welfare, Vacation, and Training Funds), their trustees (collectively, the plans), and Local 1 Bricklayers Union, and the Masonry Institute of St. Louis. Defendant G&S is a party to a collective bargaining agreement with the Union; Gabrielle Gleeson and Shane Gleeson are the president and vice-president, respectively. Plaintiffs contend that defendants failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. They seek $9,425.26 in delinquent contributions and $1,290.67 in liquidated damages.

Plaintiffs additionally seek $861.50 in attorney's fees and $728.95 in court costs.

The summons and a copy of the complaint were served on defendant G&S on August 17, 2006. Defendant did not file an answer or other responsive pleading and, on November 15, 2006, the Clerk of Court entered default against defendant G&S. On November 17, 2005, the Court ordered defendant G&S to produce financial records for plaintiffs' inspection. On January 16, 2007, plaintiffs filed an amended complaint naming G&S officers Gabrielle Gleeson and Shane Gleeson as additional defendants with joint and several liability for contributions owed through May 2006. The amended complaint was served on defendants on January 27, 2007. Again, no answer or responsive pleading was filed and, on May 18, 2007, the Clerk of Court entered default against the Gleesons.

**Discussion**

ERISA provides that employers must make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On May 21, 2004, G&S and the Union entered into a collective bargaining agreement which remained in effect until May 31, 2006. (Art. XII, § 11). The 2004 agreement was binding upon the officers, directors and shareholders, making them individually liable, jointly and severally, for the payment of wages, dues,

contributions, and delinquency charges. (Art. XII, § 10). The Mason Contractors Association and the Local 1 bricklayers entered into a new collective bargaining agreement effective beginning June 1, 2006. Plaintiffs have submitted evidence that establishes that G&S Masonry was a member of the Mason Contractors Association when the new agreement was signed.

Plaintiffs submit the affidavits of Gary Juenger, the Plan Director for the Welfare and Pension funds. Mr. Juenger is responsible for enforcement of the fringe benefit obligations under the collective bargaining agreements. Defendant G&S submitted contribution reports for the months of May through September 2006 but, according to Mr. Juenger, did not pay the contributions reflected in those reports. On November 9, 2006, G&S notified the Union and the Mason Contractors Association that it was ceasing operations; as a result, plaintiffs have concluded that an audit is not necessary.

Plaintiffs have established that defendants G&S Masonry, Gabrielle Gleeson, and Shane Gleeson are jointly and severally liable for contributions due in May 2006. Plaintiffs have further established that, for May 2006, defendants owe $3,294.10 in unpaid contributions and $527.05 in liquidated damages, for a total of $3,821.15. Defendant G&S Masonry is solely liable for unpaid contributions from the months of June, July and August 2006.[1] Plaintiffs' evidence establishes that defendant G&S Masonry owes

---

[1] The contribution report for September 2006 indicates that G&S employed no masons that month, hence no contributions are due.

$6,131.16 in contributions and $763.62 in liquidated damages, for a total of $6,894.78.  Finally, plaintiffs have established that they have incurred attorney's fees in the amount of $861.50 and expenses in the amount of $728.95, for a total of $1,590.45.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendants G&S Masonry & Sons, Inc., Gabrielle Gleeson, and Shane Gleeson [Doc. #17] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2007.